UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRIAN REID,

    Plaintiff,

    v.

GEORGE PAYNE, JR., et al.,

    Defendants.

CAUSE NO. 3:19-CV-1164-PPS-MGG

OPINION AND ORDER

Brian Reid is a prisoner at the Indiana State Prison in Michigan City. Proceeding without a lawyer, he has filed a vague complaint alleging he was housed in cell without electricity for twenty-three days. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal leadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Reid alleges he was placed in cell number D-East-522 at the Indiana State Prison on September 3, 2019. He alleges "there was no functioning electricity, no electrical outlet, exposed 'live' wire hanging from where the electrical outlet used to be, no working lights or power switch to turn the lights on or off. Everything, referring to lights and electrical workings was ripped completely out of the wall." ECF 1. Based on

his description, it sounds like the cell was undergoing renovation, but it is possible a previous occupant had seriously damaged the entire electrical system. Unfortunately, Reid does not explain what was happening. He says he was in the cell without "adequate lighting" for twenty-three days, but he does not say whether he was then moved or if the cell was repaired. It is clear he had some light, but he does not say where it came from. He does not say whether his cell had bars or a solid door. He does not say how much time he spent in the cell each day. He does not describe how much light he had or how frequently it was available. Was it enough to read? Was he able to see himself in a mirror?

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law."

2

*Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (italics in original). Therefore, Reid needs to file an amended complaint addressing the concerns raised in this order. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

In addition, Reid filed a motion for preliminary injunction. However, it too is vague. It is clear he wants to be transferred to a different prison, does not want to be in a cell with exposed wires, and want to have lights in his cell. But he does not say where he is currently housed. Nor does he describe the conditions in his current cell, whether he has lights in his cell or describe how much light he has and where it comes from. He also does not say whether there are exposed wires in his cell, and if so, why he believes they are hazardous.

For these reasons, the court:

(1) DENIES the Motion for Preliminary Injunction (ECF 5);

(2) GRANTS Brian Reid until **March 6, 2020**, to file an amended complaint; and

(3) CAUTIONS Brian Reid if he does not respond by the deadline, this case will be dismissed without further notice.

SO ORDERED on February 7, 2020.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT