UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRIAN REID,

Plaintiff,

v.                                                    CAUSE NO. 3:19-CV-1164-PPS-MGG

GEORGE PAYNE, JR., et al.,

Defendants.

OPINION AND ORDER

Brian Reid, a prisoner without a lawyer, filed a motion for a preliminary

injunction. He asks for an order preventing the defendants from housing him "in a cell

with no lights" or "in cell locations with exposed electrical wiring." ECF 12 at 1. "[A]

preliminary injunction is an extraordinary and drastic remedy, one that should not be

granted unless the movant, by a clear showing, carries the burden of persuasion."

*Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citations omitted). To obtain a

preliminary injunction, the moving party must show (1) he will suffer irreparable harm

before the final resolution of his claims; (2) available remedies at law are inadequate;

and (3) he has a likelihood of success on the merits. *See BBL, Inc. v. City of Angola*, 809

F.3d 317, 323–24 (7th Cir. 2015).

In both his affidavit and his complaint, Reid makes clear he is currently housed

in a cell with light. ECF 11 at 3 and ECF 12 at 3. Therefore he has not plausibly alleged

he could suffer irreparable harm by being housed in darkness pending the final

resolution of this lawsuit. Though he argues he could be moved to a dark cell, such

speculation is not a basis for granting a preliminary injunction. *See Bedrossian v. Nw. Mem'l Hosp.*, 409 F.3d 840, 846 n.3 (7th Cir. 2005).

Reid also explains that in his current cell "[t]he electrical wiring of the light fixture is pulled down out of it and is hanging over the light bulb." ECF 11 at 3, *see also* ECF 12 at 3. While he alleges the wiring is visible, he does not allege the wires are uninsulated with plastic or other covering. Neither does he plausibly allege this wiring creates an unreasonable risk of harm. "[N]ot every deviation from ideally safe conditions constitutes a violation of the constitution. The eighth amendment does not constitutionalize the Indiana Fire Code. Nor does it require complete compliance with the numerous OSHA regulations." *French v. Owens*, 777 F.2d 1250, 1257 (7th Cir. 1985) (quotation marks and citations omitted). "Conditions of confinement must be severe to support an Eighth Amendment claim; the prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Morissette v. Peters*, 45 F.3d 1119, 1123 (7th Cir. 1995) (quotation marks and citations omitted). "An objectively sufficiently serious risk, is one that society considers so grave that to expose *any* unwilling individual to it would offend contemporary standards of decency." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (quotation marks and citations omitted, italics in original). As such, Reid has not shown he has a likelihood of success on the merits based on the condition of the electrical wiring in his cell today.

For these reasons, the court DENIES the Motion for Preliminary Injunction (ECF 12).

SO ORDERED on February 24, 2020.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT