UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRIAN REID, </br></br> Plaintiff, </br></br> v. </br></br> GEORGE PAYNE, JR., et al., </br></br> Defendants. | CAUSE NO. 3:19-CV-1164-PPS-MGG |

OPINION AND ORDER

Brian Reid is a prisoner at the Indiana State Prison. Without a lawyer, he filed a complaint alleging his food has been tampered with for the past year. ECF 24. He alleges that for the past three months, multiple prison staff have covertly put heroin, methamphetamine, and antipsychotic sedatives into his food. He alleges administrative prison officials conspired, instructed, and encouraged staff to covertly drug Reid.

A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal leadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

> [A] court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of

> factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quotation marks and citations omitted). Thus, a case can be dismissed without a response from the defendants where "the facts alleged in the complaint are … unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity." *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774 (7th Cir. 2002). *See also Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000).

Such is the case here. Reid is alleging that a wide-ranging group of high-ranking prison officials, guards, and contract food service employees have in the past three months escalated their conspiracy from tampering with his for the past year to covertly putting legal and illegal drugs into his food. Though not factually impossible, these allegations meet the standard set out in *Denton* and *Gladney.* Therefore, this case will be dismissed as frivolous.

It is unclear whether Reid filed this complaint as a joke or because he truly believes he is being systematically drugged. Either way, but especially if the latter, it is important for prison officials to know about this lawsuit so they can provide him with whatever counseling and mental health treatment may be appropriate. Therefore, a copy of this order will be sent to the Warden.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed sua sponte, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Holland v. City of Gary*, 503 F. App'x 476, 477–78 (7th Cir. 2013) (amendment of

complaint with fantastic and delusional allegations would be futile). *See also Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009).

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because it is frivolous.

SO ORDERED on July 7, 2020.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT